## HUTKOFF v. LAUCKHARDT.

(Supreme Court, Appellate Term.　November 14, 1906.)

1. COUNTERCLAIM—INJURIES TO PROPERTY—PRICE OF WORK.

　　Where plaintiff's employés, while glazing certain mahogany show-cases belonging to defendant, chipped the woodwork at the sides of the cases, chipped the glass, and ground the fragments of the glass into the painted bottoms of the cases by walking over them, refusing to use paper furnished by defendant to protect the cases, defendant was entitled to counterclaim the damages so sustained, as against plaintiff's right to recover the contract price of the glazing.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Set-Off and Counterclaim, §§ 49–51.]

2. SAME—DEFENSES.

　　It was no sufficient answer to defendant's counterclaim that the amount of damage done was slight in comparison with the total amount of work performed.

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by Nathan Hutkoff against Peter Lauckhardt. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Butler, Notman & Mynderse, for appellant.
Nathan, Leventritt & Perham, for respondent.

DOWLING, J. Plaintiff contracted with defendant to supply and put in place the glass for certain showcases which defendant was installing under a contract with the city of New York The work has been completed, and all of the contract price paid, except the amount sued for. Defendant asserts a counterclaim in such amount for damages done to the woodwork of the cases by plaintiff's employés while putting in the glass.

It is established that all the woodwork had been installed, painted, and finished when the glass was put in; that in putting in the glass plaintiff's employés chipped the mahogany woodwork of the sides of the cases, chipped the glass, and ground the fragments of it into the painted bottoms of the cases by walking over it, refusing to use the paper furnished by defendant to protect the cases. The plaintiff was notified of the damage done, but refused to repair the same, and the work was done at a cost of $123.95. Upon these facts defendant was entitled to recover the amount of his counterclaim. It is no sufficient answer to say that the amount of damage done was slight in comparison with the total amount of work performed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.